

**MEMO ENDORSED**

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SHAWN D. FABIAN
Assistant Corporation Counsel
E-mail: shfabian@law.nyc.gov
Phone: (212) 788-0906
Fax: (212) 788-9776

August 22, 2007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/07
```

**BY HAND**
Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Dean Scott, et al. v. The City of New York, et al., 07 Civ. 6920 (RJS)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York. I am writing with respect to the above-referenced matter in which plaintiffs allege that they were falsely arrested. Defendant City respectfully requests an extension of time to answer or otherwise respond to this complaint from August 27, 2007 until October 26, 2007. Plaintiffs' counsel does not consent to this request and has not provided defendants with a reason for that position.

      There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiffs for execution a consent and authorization for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, properly assess the case, and respond to this complaint.

      No previous request for an extension has been made by defendant City. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to October 26, 2007.

Thank you for your consideration herein.

Respectfully submitted,

*[signature]*

Shawn D. Fabian (SF4606)
Assistant Corporation Counsel
Special Federal Litigation Division


cc: Michael Colihan, Esq. (By First Class Mail)
Attorney for Plaintiffs
44 Court Street, Suite 911
Brooklyn, New York 11201

> Defendant shall answer or otherwise respond to the complaint not later than October 1, 2007.
>
> *[signature]*
> U S DJ
> 9/11/07

2

Michael Colihan, Attorney at Law, 44 Court Street Suite 911 Brooklyn, NY 11201

(718)488-7788

Hon. Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

This letter was sent regular mail

September 7, 2007

Scott v NYC et al 07 cv 6920

Dear Judge Sullivan:

    I represent the plaintiffs in this action which alleges violation of their civil rights & other related state law causes of action. I write this at the request of the Court. The defendant the City of New York has requested a sixty day extension of time to answer the complaint in this action which I will not consent to. I write at your request to state my reasons why.

    The facts of this case might interest the Court. My clients, who are a husband, wife, their minor child & two adult overnight guests, were asleep in their home in the early morning hours of February 12, 2007 when members of the New York City Police Department broke down the door, terrorized the occupants with automatic weapons, physical violence & obscenities & ransacked the home. They were not shown a search warrant. No contraband was recovered. Despite this, two of the adult males at that place, Mr. Dean Scott & Clyde Feaster were taken from the home in handcuffs, incarcerated for approximately 24 hours, & released without ever seeing a judge or being arraigned. The Queens County District Attorney declined prosecution of these men for obvious reasons.

    It might further interest the Court to know that I have four other similar matters pending in the Southern District. None of these plaintiffs know each other. None were doing anything but sleeping in their homes when their front doors were broken down & the police engaged in some sort of contest to see how much terror they could inflict upon the occupants, some of whom were three or four years of age. Apparently breaking into a private residence is quite a casual endeavor with the NYPD of late. The right to be safe & secure in one's home is now subordinate to the need of some precinct commanders to say they made a certain number of arrests, regardless of the fact that those arrests are voided later on when no contraband is recovered.

    The City routinely requests sixty days to answer a complaint in these actions, regardless of the nature or complexity of the matter, or the number of plaintiffs or defendants. It is nothing more than the first in a series of dilatory moves by an organization for whom delay for its own sake is a stock in trade. I suspect the answer that will be filed in this matter will, as it always is, be little more than a general denial with a standard series of affirmative defenses. I don't think it requires seventy days to prepare such an answer. I view this case as a serious matter. I will of

course respect whatever ruling the Court makes but I cannot consent to an enlargement of time to answer. My clients have retained me to give them a solution, not become part of the problem.

    Thanks for your attention & consideration.

MC/ll

cc: Sean Fabain, Esq.

Very Truly Yours,

Michael Colihan