**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------- x

**DEAN SCOTT, TAKERIA SCOTT, an infant by her m/n/g DESIREE SCOTT, & DESIREE SCOTT, individually, BRENT RIDGE & CLYDE FEASTER,**

         **Plaintiff,**

    -against-

**THE CITY OF NEW YORK, & POLICE OFFICER JOHN DOES 1-15,**

         **Defendants.**

------------------------------------------------------------------------- x

**ANSWER OF DEFENDANT CITY OF NEW YORK**

07 Civ. 6920 (RJS)

JURY TRIAL DEMANDED

    Defendant City of New York ("City"), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows.

    1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

    2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

    3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

    4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that defendant City of New York is a municipal corporation.

    5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that a document purported to be a Notice of Claim was received by the City of New York on or about February 21, 2007.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that more than thirty days has elapsed since on or about February 21, 2007.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that more than ninety days has elapsed since on or about February 21, 2007.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. In response to the allegations set forth in paragraph "13" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

17. Denies allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that a document purported to be a Notice of Claim was received by the City of New York on or about March 15, 2007.

27. Denies the allegations set forth in paragraph "27" of the complaint, except admits that more than thirty days has elapsed since on or about March 15, 2007.

28. Denies the allegations set forth in paragraph "28" of the complaint, except admits that more than ninety days has elapsed since on or about March 15, 2007.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the complaint, except admits that a document purported to be a Notice of Claim was received by the City of New York on or about March 15, 2007.

45. Denies the allegations set forth in paragraph "45" of the complaint, except admits that more than ninety days has elapsed since on or about March 15, 2007.

46. Denies the allegations set forth in paragraph "46" of the complaint, except admits that more than thirty days has elapsed since on or about March 15, 2007.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

62. Denies the allegations set forth in paragraph "62" of the complaint, except admits that a document purported to be a Notice of Claim was received by the City of New York on or about March 15, 2007.

63. Denies the allegations set forth in paragraph "63" of the complaint, except admits that more than thirty days has elapsed since on or about March 15, 2007.

64. Denies the allegations set forth in paragraph "64" of the complaint, except admits that more than ninety days has elapsed since on or about March 15, 2007.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. In response to the allegations set forth in paragraph "72" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. Denies the allegations set forth in paragraph "75" of the complaint.

76. In response to the allegations set forth in paragraph "76" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. Denies the allegations set forth in paragraph "78" of the complaint.

79. In response to the allegations set forth in paragraph "79" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

81. Denies the allegations set forth in paragraph "81" of the complaint, except admits that a document purported to be a Notice of Claim was received by the City of New York on or about February 21, 2007.

82. Denies the allegations set forth in paragraph "82" of the complaint, except admits that more than thirty days has elapsed since on or about February 21, 2007.

83. Denies the allegations set forth in paragraph "83" of the complaint, except admits that more than ninety days has elapsed since on or about February 21, 2007.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the complaint.

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. Denies the allegations set forth in paragraph "86" of the complaint.

87. Denies the allegations set forth in paragraph "87" of the complaint.

88. In response to the allegations set forth in paragraph "88" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

89. Denies the allegations set forth in paragraph "89" of the complaint.

90. Denies the allegations set forth in paragraph "90" of the complaint.

91. In response to the allegations set forth in paragraph "91" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

92. Denies the allegations set forth in paragraph "92" of the complaint.

93. Denies the allegations set forth in paragraph "93" of the complaint.

94. Denies the allegations set forth in paragraph "94" of the complaint.

95. In response to the allegations set forth in paragraph "95" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

96. Denies the allegations set forth in paragraph "96" of the complaint.

97. In response to the allegations set forth in paragraph "97" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

98. Denies the allegations set forth in paragraph "98" of the complaint.

99. Denies the allegations set forth in paragraph "99" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

100. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

101. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

102. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

103. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendant City.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

104. There was probable cause for plaintiffs' arrest, detention and prosecution, if any.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

105. Plaintiffs provoked any incident.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

106. Plaintiffs have failed to comply with New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

107.    Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

108.    Punitive damages cannot be assessed against the City of New York.

**WHEREFORE,** defendant City requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            September 27, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorney for Defendant City
        100 Church Street
        New York, New York 10007
        (212) 788-0906

By: _____
    Shawn D. Fabian (SF4606)
    Assistant Corporation Counsel
    Special Federal Litigation Division

To:    Michael Colihan, Esq. (By ECF and First Class Mail)
       Attorneys for Plaintiff
       44 Court Street, Suite 911
       Brooklyn, New York 11201

## DECLARATION OF SERVICE

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On September 27, 2007, I served the annexed "**ANSWER OF DEFENDANT CITY OF NEW YORK**," upon Michael Colihan, Esq., attorney for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff:

    Michael Colihan, Esq.
    44 Court Street, Suite 911
    Brooklyn, New York 11201

being the address designated by plaintiff for that purpose.


Dated: New York, New York
       September 27, 2007

                                            SHAWN D. FABIAN
                                            ASSISTANT CORPORATION COUNSEL