UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



DEAN SCOTT, et al.,

                        Plaintiffs,

-v-

THE CITY OF NEW YORK, et al.,

                        Defendants.

No. 07 Civ. 6920 (RJS)

ORDER

RICHARD J. SULLIVAN, District Judge:

By Order dated February 1, 2008, the Court directed all parties in the above-entitled action to submit a letter indicating whether they oppose transfer of this action to the E.D.N.Y. and, if so, the basis of their opposition, no later than February 13, 2008. By letter dated February 11, 2008, plaintiffs indicate that they oppose the transfer of this action. Defendants take no position on the issue but "note[] that the events giving rise to the claims alleged in this action all took place in Queens County, which is within" the E.D.N.Y. (Defs.' Jan. 22, 2008, at 2.) For the following reasons, the Court transfers this action to the E.D.N.Y.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). Upon review of the Second Amended Complaint filed in this matter, the Court notes that plaintiffs assert that they are residents of Queens County or Kings County, New York, and that the various named and unnamed individual defendants are police officers of the defendant City of New York. The complaint indicates that the events giving rise to the underlying action occurred in connection with alleged injuries plaintiffs suffered as a result of an alleged arrest and assault by defendants in Long Island City, Queens County, New York. It therefore appears that all or most of the material events, documents, persons, and potential witnesses related to this action are located in the Eastern District of New York.

Although the first prong of the venue statute, 28 U.S.C. § 1391(b), locates venue in "a judicial district where any defendant resides," the second prong of the statute unambiguously indicates that, regardless of the defendant's residence, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1)-(2). It is beyond doubt that a "substantial part of the events" giving rise to plaintiffs' claims occurred in the Eastern District of New York and, thus, that venue is also proper in that district. *See* 28 U.S.C. § 1391(b)(2). Furthermore, the Court finds that transfer of this action promotes the interests of convenience and justice. District courts have broad discretion in evaluating these interests as they relate to the transfer of cases. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."); *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) ("Balancing factors of convenience is essentially an equitable task. For that reason, an ample degree of discretion is afforded to the district courts in determining a suitable forum."). Having examined the complaint in this action, and considered the relevant factors — including plaintiffs' choice of forum, the locus of the operative facts, the convenience of likely witnesses and the parties, the location of relevant documents and the relative ease of access to sources of proof, the availability of process to compel attendance of unwilling witnesses, the proposed forum's familiarity with the governing law, and trial efficiency and the interest of justice based on the totality of the circumstances, *see, e.g., POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 404 (S.D.N.Y. 2004) — the Court finds that all or most of the material events, documents, persons, and potential witnesses related to these actions are located in the E.D.N.Y., and, therefore, transfer of the action is appropriate.

Moreover, although plaintiffs' chosen forum is the Southern District of New York, and that choice is normally accorded significant deference, it is "given less weight" where, as here, the actions' "operative facts have little connection with the chosen forum." *Frame v. Whole Foods Market, Inc.*, No. 06 Civ. 7058 (DAB), 2007 WL 2815613, at *5 (S.D.N.Y. Sept. 24, 2007) (quoting *UFH Endowment, Ltd. v. Nevada Manhattan Mining, Inc.*, No. 98 Civ. 5032 (DAB), 2000 WL 1457320, at *5 (S.D.N.Y. Sept. 28, 2000)) (internal quotation marks and additional citation omitted). Accordingly, it is hereby ORDERED that in the interest of justice, the maximum convenience to the parties and witnesses, and of the efficient management of this Court's docket, the Clerk of the Court is directed to transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.

Dated:   New York, New York
         February 13, 2008

                                                    RICHARD J. SULLIVAN
                                                    UNITED STATES DISTRICT JUDGE